## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID McGLYNN,<br><br>*Plaintiff*,<br><br>v.<br><br>CHAT SPORTS, INC. and JAMES THOMAS YODER, individually;<br><br>*Defendants*. | Case No. _____<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, David McGlynn ("McGlynn"), by and through his undersigned counsel, brings this Complaint against Defendants, Chat Sports, Inc. ("Chat Sports") and James Thomas Yoder ("Yoder") (collectively, the "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.     This is a civil action seeking damages for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*

### PARTIES

2.     Plaintiff McGlynn is an individual and professional photographer.

3.     Upon information and belief, Defendant Chat Sports is a corporation organized and existing under the laws of the state of Delaware.

1

4.      Upon information and belief, Defendant Yoder is an individual transacting business in the state of Delaware and is the principal officer or owner of Defendant Chat Sports.

5.      For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyrights).

7.      This Court has personal jurisdiction over Defendants because Defendants transact business in the state of Delaware, including this judicial district.

8.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

### *Plaintiff David McGlynn*

9.      Plaintiff McGlynn is a professional fine art and commercial photographer.

10.     Plaintiff McGlynn has shown his work at several group and solo shows including the Alternative Museum, Queens Museum, Hudson River Museum, Luring Augustine Gallery, the Neuberger Museum, and Broadway Windows. His work is included in the collections of the Brooklyn Museum, the Erie Art Museum, the New Britain Museum of American Art, the Forbes Gallery Collection, and various private collections.

11.     Plaintiff McGlynn's work has been featured in major publications including *The New York Post*, *The New York Times*, *WIRED*, *Forbes*, *ESPN*, *Money*, *Newsweek*, *Popular Science*, *Metropolitan Home*, and *Vibe*. Corporate and advertising clients include the Miller Brewing Company, 'Absolute McGlynn' for Absolut Vodka, Kodak Funsaver cameras, Compaq, American Express, Disney, Dime Bank, Polygram/Mercury Records, and the World Financial Center.

12.     Plaintiff McGlynn has received several awards including; American Photograph Annual 7, 10, 11; Society of Publication Designers Annual 18, 23, 27, 28, and 30; Graphis Poster; and Graphis Digital. Portfolio spreads of his artwork have been published in *Life Magazine*, *Popular Photography*, *Idea* (Japan), *Photo Magazine* (France), and *Photo District News*.

13.     Plaintiff McGlynn has created large-scale works for permanent installation for a variety of clients including Disney/ESPN Zone restaurants, Fox News headquarters, and AT&T corporate headquarters.

14. Plaintiff McGlynn licenses his work for fee.

15. Plaintiff McGlynn's livelihood depends on receiving compensation for the photographs he produces, and the value of the work he produces is devalued when others copy and profit from her work without his permission.

16. The copyright protection afforded to Plaintiff McGlynn's work is intended to deter would-be infringers from the unauthorized copying and profiting from his work.

17. Plaintiff McGlynn is the sole author and exclusive right's holder to a photograph of Mary Beth Leetch ("McGlynn Photograph").

18. Attached hereto as Exhibit A is a true and correct copy of the McGlynn Photograph.

19. Plaintiff McGlynn registered the McGlynn Photograph with the United States Copyright Office under Registration Number VA 2-144-547, with the file name 1.25.19. Mary Beth Leetch. McGlynn.jpg, and an Effective Date of Registration of March 27, 2019.

20. Attached hereto as Exhibit B is a true and correct copy of Registration No. VA 2-144-547.

21. The McGlynn Photograph appeared in an article featured by the *New York Post* ("Post") on January 25, 2019, titled *Wife of Rangers Legend Brian Leetch Scores No-jail Plea in Bar Brawl* ("Post Article").

22.    The McGlynn Photograph also appears next to the snippet of the Post Article as it appears in the search results on the Post's website when searching for the Post Article.

23.    Attached hereto as Exhibit C is a true and correct screenshot of the McGlynn Photograph as it appears next to the snippet of the Post Article in the search results.

### *Defendants Chat Sports, Inc. and James Thomas Yoder*

24.    Upon information and belief, Defendant Chat Sports is a digital business providing sports video entertainment on the internet and can be found at https://www.chatsports.com/ ("Chat Sports Website").

25.    Upon information and belief, at all relevant times, Defendant Yoder is, or was, the principal member or owner of Defendant Chat Sports.

26.    Upon information and belief, Defendant Chat Sports and /or Defendant Yoder owns, operates, controls, and manages the Chat Sports Website.

27.    Upon information and belief, at all relevant times, Defendants Chat Sports and/or Yoder generate content on the Chat Sports Website for commercial purposes.

28.    Upon information and belief, at all relevant times, the Chat Sports Website was monetized through content colloquially known as "clickbait."

29.     As the name implies, "clickbait" is generally defined as content whose main purpose is to attract attention and encourage Internet users to click on a link to a particular web page thereby maximizing revenue for the website owner from advertisers who pay for unique visitor impressions. "Clickbait" is generally produced with minimal effort, especially at the expense of quality or accuracy, by relying on misappropriated and unoriginal content coupled with catchy or sensationalistic headlines.

30.     At all relevant times, Defendants Chat Sports and Yoder had the ability to supervise and control all content on the Chat Sports Website.

31.     At all relevant times, Defendants Chat Sports and Yoder had a direct financial interest in the content and activities of the Chat Sports Website (including the activities alleged in this Complaint).

32.     At all relevant times, the Chat Sports Website was readily accessible to the general public throughout Delaware, the United States, and the world.

33.     At all relevant times, the Defendants named in this Complaint (including Chat Sports and Yoder) were acting as agents and alter egos for each other, with respect to the activities alleged in this Complaint, and are thus each jointly, severally, and personally liable for the debts and liabilities of each other, with respect to the activities alleged in this Complaint.

6

***Defendant Chat Sports and Defendant Yoder's Willful, Unauthorized Use
of the McGlynn Photograph***

34.    On or about October 24, 2024, Plaintiff McGlynn discovered his McGlynn Photograph was being used on the Chat Sports Website and could be found at  https://www.chatsports.com/new-york-rangers/a/source/wife-of-rangers-legend-brian-leetch-scores-no-jail-plea-in-bar-brawl-15075201#google_vignette.

35.    On or about October 24, 2024, McGlynn also discovered the McGlynn Photograph was stored on the Chat Sports Website's server and could be found at https://cdn.chatsports.com/cache/00/51/0051b9afd3ff756c740bf57536360bf4-original.jpg.

36.    The McGlynn Photograph was displayed on the Chat Sports Website in conjunction with a snippet of the NY Post Article.

37.    The McGlynn Photograph was displayed on the Chat Sports Website in conjunction with clickbait advertising.

38.    Attached hereto as Exhibit D, is a true and correct screenshot of the McGlynn Photograph as used on the Chat Sports Website with the date stamp and a true and correct screenshot including the clickbait advertisements.

39.    In no event did Plaintiff McGlynn grant Defendant Chat Sports or Defendant Yoden a license, permission, or authorization to use, make a copy of, or publicly display the McGlynn Photograph on the Chat Sports Website or in any other manner.

7

40.    Upon information and belief, Defendants Chat Sports and Yoden (including their agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the McGlynn Photograph and caused it to be uploaded to and displayed on the Chat Sports Website and uploaded to and stored on the Chat Sports Website's server.

41.    Upon information and belief, Defendants Chat Sports and Yoden (including their employees, agents, contractors, or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public McGlynn's original and unique McGlynn Photograph for commercial benefit and acquired monetary gain and market benefit as a result of use of the McGlynn Photograph on the Chat Sports Website.

42.    Specifically, the purpose of the use of the McGlynn Photograph on the Chat Sports Website was to couple high-quality visual content, via a professionally produced photograph, with textual content to create an aesthetic, visually inviting presentation of Defendants Chat Sports and Yoden's marketing message and to support Defendants Chat Sports and Yoden's marketing goals to be "The leading digital-first sports video entertainment network" (*see* https://www.chatsports.com/) and to entice users to browse through the Chat Sports Website and ultimately click on the clickbait advertising which would generate revenue for Defendants.

43.    In addition, Defendants Chat Sports and Yoden acquired a direct financial benefit from use of the McGlynn Photograph, *inter alia,* from use of the photograph on the Chat Sports Website without paying a license fee.

44.    Upon information and belief, because Defendants Chat Sports and Yoden are in the journalism and media industry, they are sophisticated regarding a copyright owner's rights in a photograph.

45.    Upon information and belief, Defendants Chat Sports and Yoden's use of the McGlynn Photograph was deliberate and willful because Defendants knew they did not create the McGlynn Photograph and knew, or should have known, because of their sophistication regarding a copyright owner's rights, that they did not have a legitimate license or permission to use the McGlynn Photograph.

46.    After discovering the unauthorized use of the McGlynn Photograph, Plaintiff McGlynn, through counsel, sent cease and desist correspondence and a demand for lost licensing fees to Defendant Chat Sports and communicated with Defendant Yoden by email in an attempt to resolve this matter.

47.    Defendant Yoden removed the McGlynn Photograph from the Chat Sports Website and its server, but the parties were unable to resolve the matter as to the demand for lost licensing fees.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101, *et seq.***

48.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.     Plaintiff owns a valid copyright in the McGlynn Photograph.

50.     Plaintiff registered the McGlynn Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

51.     Defendants (including their agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of and displayed McGlynn's unique and original McGlynn Photograph without Plaintiff's consent or authorization in violation of 17 U.S.C. § 501.

52.     Defendants willfully infringed upon Plaintiff's rights in the copyrighted McGlynn Photograph in violation of Title 17 of the U.S. Code.

53.     As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

54.     Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 504(c).

55.    As a result of Defendants' violations of Title 17 of the U.S. Code, the Court, in its discretion, may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

## DEMAND FOR JURY TRIAL

56.    Plaintiff McGlynn hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed McGlynn's copyright interest in the McGlynn Photograph by copying and displaying it without a license or consent;

- For a finding that Defendants' conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For pre-judgment and post-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

11

Dated: June 26, 2026                    Respectfully submitted,

                                        **/s/ Tye C. Bell**
                                        Tye C. Bell, Esq.
                                        DE State Bar No. 005309
                                        **HIGBEE & ASSOCIATES**
                                        3110 W. Cheyenne #200
                                        N Las Vegas, NV, 89032
                                        (714) 617-8350
                                        (714) 597-6729 facsimile
                                        *Counsel for Plaintiff*